**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN; et al., | No. 20-55662 |
| Plaintiffs-Petitioners-Appellees, | D.C. No. 5:20-cv-00768-TJH-PVC |
| v. | |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security; et al., | MEMORANDUM* |
| Defendants-Respondents-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted September 15, 2020
San Francisco, California

Before: WATFORD, FRIEDLAND, and MILLER, Circuit Judges.

The Government[1] has filed this interlocutory appeal to challenge two orders

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Defendants-Appellants are Chad F. Wolf, Acting Secretary of Homeland Security; Tony H. Pham, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement ("ICE"); David Marin, Director of the

that established a procedure by which the district court would entertain individual applications for bail pending resolution of class members' habeas petitions. We dismiss the appeal for lack of jurisdiction.

Appellate review is generally reserved for final decisions of the district courts. *See generally* 28 U.S.C. § 1291. One important exception permits appellate review of an interlocutory order "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." *Id.* § 1292(a)(1). An order need not be termed an injunction by the district court to fall within § 1292's ambit; an order that "has the 'practical effect' of granting or denying an injunction . . . should be treated as such for purposes of appellate jurisdiction." *Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018) (citation omitted).

These orders laying out bail application procedures did not have the practical effect of granting an injunction. Indeed, the orders did not affect the substantive rights of a single class member.[2] Rather, the two orders functioned largely as case

---

Los Angeles Field Office for ICE's Enforcement and Removal Operations; and James Janecka, Warden of Adelanto. We refer to them collectively as "the Government." Pham has been automatically substituted for Matthew T. Albence, former Deputy Director and Senior Official Performing the Duties of the Director of ICE. Fed. R. App. P. 43(c)(2).

[2] The Government could have waited to seek appellate review of an order granting a bail application. Instead, the Government appealed from these procedural orders, over which we lack jurisdiction. We express no view on the appealability of an order granting a bail application pending resolution of a habeas claim, because that question is not before us.

management orders, creating a procedure for the court to undertake a streamlined yet individualized review of bail applications. As case management orders, these two orders are not subject to interlocutory review. *See In re Korean Air Lines Co.*, 642 F.3d 685, 701 (9th Cir. 2011) ("A district court's case management orders are generally not appealable on an interlocutory basis.").

Nor did the procedural orders modify the district court's earlier preliminary injunction, which was stayed in part months before these procedural orders issued. As we explain in our concurrently filed opinion affirming in part and vacating in part that injunction, the district court's preliminary injunction was justified by Plaintiffs' equitable claim for declaratory and injunctive relief, irrespective of Plaintiffs' joint habeas petition. By contrast, the procedural orders now on appeal stemmed from the joint habeas petition, which is an entirely separate aspect of Plaintiffs' lawsuit. The preliminary injunction and the bail orders also envisioned very different relief. In a portion of the preliminary injunction that our court stayed, the district court had mandated a population reduction of at least 250 detainees within a matter of days. Conversely, the bail orders merely facilitated a process for the district court to review bail applications, which is an inherently *individualized* inquiry, different in kind from the generalized population reductions ordered in the preliminary injunction. Because the procedural orders did not have the practical effect of modifying the district court's earlier injunction, the

3

Government's alternative theory for how we have jurisdiction under § 1292(a)(1) likewise fails.

Lastly, the Government also contends we could construe this appeal as a petition for a writ of mandamus, in which case the All Writs Act, 28 U.S.C. § 1651(a), would provide jurisdiction. A writ of mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes," such as circumstances "amounting to a judicial usurpation of power" or a "clear abuse of discretion." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quotation marks omitted). The exceptional circumstances required to justify our exercise of mandamus jurisdiction are not present here.

**DISMISSED.**